UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDERINA, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREAT AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:18-cv-00772-JAD-CWH <br><br> **REPORT AND RECOMMENDATION** |

Presently before the court is plaintiffs Sanderina LLC and Sanderina II, LLC's ("Sanderina") motion to amend complaint (ECF No. 17), filed on August 1, 2018. Defendant Great American Insurance Company ("Great American") filed a response (ECF No. 18) on August 6, 2018. Sanderina filed a reply (ECF No. 19) on August 13, 2018.

This is an insurance-coverage dispute regarding a policy that Great American issued to Sanderina. Sanderina sued Great American for breach of contract, breach of the covenant of good faith and fair dealing, and unfair claims practices. (Compl. (ECF No. 3-1).) Great American subsequently removed the case from state court. (Pet. for Removal (ECF No. 3).) Sanderina now moves for leave to amend the complaint to add American Financial Group, Inc. ("American Financial") as a defendant because that entity was listed as Great American's parent company in Great American's certificate of interested parties.[1] Great American opposes amendment as futile, arguing Sanderina does not allege a factual basis for the claims against American Financial.

---

[1] Sanderina's complaint and proposed amended complaint are nearly identical, except that Sanderina added this sentence to the proposed amended complaint: "[a]t all times mentioned herein, Defendant, American Financial Group, Inc. (hereinafter "AFG") is an Ohio corporation doing business in the State of Nevada." (Mot. to Amend (ECF No. 17) at ¶ 4.)

Great American further argues a corporate parent is not liable for its subsidiary's acts, unless the corporate veil may be pierced. Sanderina replies that discovery is in its early stages and that it should have the opportunity to explore American Financial's potential liability.

Generally, a plaintiff may amend his complaint once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion for failure to state a claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). It is within the court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

Here, Sanderina's proposed amendment is futile because Sanderina does not allege any facts regarding American Financial's involvement in this case. Although Sanderina argues in its motion to amend that American Financial is Great American's parent corporation, the proposed amended complaint does not include any factual allegations regarding the parties' relationships, let alone facts that would support piercing the corporate veil. Sanderina merely makes the conclusory allegation that American Financial is an Ohio corporation doing business in the State of Nevada, without elaboration. Given that this allegation cannot support claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair claims practices against American Financial, amendment to add this defendant is futile. The court in its discretion therefore will recommend that the motion to amend be denied.

/ / /

/ / /

IT IS THEREFORE RECOMMENDED that plaintiffs Sanderina LLC and Sanderina II, LLC's motion to amend complaint (ECF No. 17) be DENIED.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 27, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE