**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SANDERINA, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN INSURANCE<br>COMPANY,<br><br>    Defendant. | Case No. 2:18-cv-00772-JAD-CWH<br><br>**ORDER** |

Presently before the court is defendant Great American Insurance Company's motion to stay discovery (ECF No. 23), filed on September 4, 2018. Plaintiffs Sanderina LLC and Sanderina II, LLC ("Sanderina") filed a response and countermotion to extend discovery (ECF Nos. 25, 26) on September 18, 2018. Great American filed a reply (ECF No. 27) in support of its motion to stay discovery on September 24, 2018. Great American filed a response (ECF No. 32) to the motion to extend discovery on September 27, 2018.

## I. BACKGROUND

The parties are familiar with the facts of this case and the court will repeat them here only as necessary. This is an insurance-coverage dispute regarding a policy that Great American issued to Sanderina. Sanderina claims it sustained a loss when an unknown third party sent emails to Sanderina's controller that appeared to come from Sanderina's owner and asked her to transfer funds to the imposter's bank account. (Compl. (ECF No. 3-1) at ¶¶ 7-11.) Sanderina alleges this scheme was facilitated by "a criminal hack[ing] into [Sanderina's] computer system[.]" (*Id.* at ¶ 7.) Sanderina submitted a claim to Great American under a commercial crime insurance policy, and Great American denied the claim. (*Id.* at ¶¶ 12-16.) Sanderina sued Great American for breach of contract, breach of the covenant of good faith and fair dealing, and unfair claims practices. (*Id.* at ¶¶ 17-41.) The insurance policy at issue covers loss resulting

1  directly from the use of a computer "to gain access to [Sanderina's] computer system." (Mot. to

2  Stay, Ex. 1 at 3; *see also* Compl. at ¶ 12.)

3      During discovery, Great American deposed Sanderina's Rule 30(b)(6) representative

4  regarding Sanderina's allegation that a criminal hacked into Sanderina's computer system.

5  Sanderina's representative testified as follows:

> Q: Do you know if the imposter ever logged into a computer system that was
> owned by Sanderina or accessed it in any way?

> A: I don't know the answer to that. I think we looked at it and we didn't really see
> a breach, but that doesn't mean there wasn't a breach.

> Q: Did Sanderina hire any consultants, IT consultants or anything like that to
> analyze its computer systems and determine whether or not they had been accessed
> by a third party?

> A: Yeah . . . .

> Q: Do you know what the result of the [consultant's] investigation was?

> A: My understanding was that they did not find a breach.
> . . .

> Q: What is the factual basis for the contention that a criminal hacked into
> Sanderina's computer system?

> A: Well, I don't know specifically that a criminal hacked in. . . . But it was
> important for us to point out that there was a potential hack into the system. We
> just didn't find it.

18  (Mot. to Stay, Ex. 2 at 17:4-19:5, 29:13-30:22.) Great American now moves to stay discovery

19  pending the court's decision on its motion for summary judgment, arguing that this deposition

20  testimony establishes there is no genuine issue of material fact regarding the circumstances giving

21  rise to the claim and that there are only remaining questions of law regarding whether coverage

22  was triggered under the policy, thereby making discovery unnecessary. Alternatively, Great

23  American requests that discovery be limited to specific factual issues as the court sees fit.

24  According to Great American, Sanderina intends to depose five witnesses in different states,

25  which will result in costs that are disproportionate to the amount in controversy of $178,759.21.

26      Sanderina opposes staying discovery, arguing Great American mischaracterizes

27  Sanderina's Rule 30(b)(6) representative's testimony. Specifically, Sanderina argues the witness

stated Sanderina's limited investigation did not yield answers as to how the fraud was perpetrated from a technical point of view, based on the following testimony:

> A: It's hard to determine whether or not there was a hack into the system. You know, it could have happened, in my opinion, one of two ways:
>
> He could have hacked the system and accessed the information through the system maybe knowing that I wasn't going to be there, that's a possibility. Or, I mean, generally you can go on to a website and get an e-mail address which is generally what these scam artists do. And they just change a letter, get a domain and they fire it off. So I don't know which route the perpetrator used, but obviously he used a route.
>
> Q: Do you know if the imposter ever logged into a computer system that was owned by Sanderina or access it in any way?
>
> A: I don't know the answer to that. I think we looked at is and we didn't really see a breach, but that doesn't mean there wasn't a breach.

(*Id.* at 17:7-24.) Sanderina further argues that significant discovery remains to be completed, including requests for production of documents including the claims file, claims manuals, and other guidelines for the handling of crime protection policy claims, as well as various depositions, and that it will seek relief under Rule 56(d) in opposition to Great American's motion for summary judgment.[1] Additionally, Sanderina countermoves to extend discovery by 90 days.

Great American replies that while Sanderina states it requires additional discovery, Sanderina does not specifically identify the discovery it plans to conduct to explore the issue of whether a third party gained direct access to its computer system. If the court denies the motion to stay discovery, Great American does not oppose Sanderina's request to extend discovery by 90 days.

## II.   ANALYSIS

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating

---

[1] While Sanderina cites Rule 56(f), the court understands Sanderina to be seeking relief under Rule 56(d), which contains the content of former Rule 56(f). After the motion to stay discovery was fully briefed, Sanderina opposed the motion for summary judgment and requested that the court deny or defer ruling on the motion for summary judgment until discovery is completed. (Pl.'s Opp'n to Mot. for Summ. J. (ECF No. 35) at 26-27.)

whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner*, 175 F.R.D. at 556 (quotation omitted).

After conducting its "preliminary peek" of Great American's motion for summary judgment, the court in its discretion finds that a stay of discovery is warranted. The pending motion for summary judgment, if granted, will dispose of this case in its entirety. It also appears the motion for summary judgment can be decided without additional discovery. This is a close question given that Sanderina's Rule 30(b)(6) representative's testimony was somewhat equivocal regarding the issue of whether a third party gained direct access to its computer system. But Sanderina does not articulate the particular discovery that will be targeted at the issue of whether a third party hacked into its computer system, even though it is requesting additional discovery. It is unclear to the court how the additional discovery regarding the underwriting file,

claims procedures, or the requested depositions of Great American's Rule 30(b)(6) witness, adjuster, supervisor, underwriter, and sales agents bear on the issue of whether a third party hacked into its computer system. The court in its discretion therefore will stay discovery pending the outcome of the motion for summary judgment.

Given that the court is staying discovery, it will deny Sanderina's request to extend discovery without prejudice. If the United States district judge denies the motion for summary judgment, the parties must meet and confer and file a revised stipulated discovery plan and scheduling order within 14 days from the date of the summary-judgment order.

## III.    CONCLUSION

IT IS THEREFORE ORDERED that defendant Great American Insurance Company's motion to stay discovery (ECF No. 23) is GRANTED.

IT IS FURTHER ORDERED that plaintiff Sanderina's countermotion to extend discovery (ECF No. 26) is DENIED without prejudice.


DATED: January 29, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE